No. 20985.

Alfred L. Capra, Manager of Safety and Excise
of the City and County of Denver v.
Charles E. Davenport, et al.
(408 P.2d 448)

Decided December 13, 1965.

Max P. Zall, City Attorney, Thomas A. Gilliam,

Assistant, IRVING ETTENBURG, Assistant, for plaintiff in error.

KELLEY, INMAN, FLYNN & COFFEE, for defendants in error.

*In Department.*

Opinion by MR. JUSTICE MOORE.

THE defendants in error made application for the issuance of a fermented malt beverage license for premises occupied by them at the address designated as 550 South Federal Boulevard in the City and County of Denver. A hearing on the application was conducted before the licensing authority in the city, and at the conclusion thereof the application was denied.

On review proceedings in the district court, the action of the city licensing authority was reversed and the court entered an order directing that the license applied for be issued. The action is now before this court on writ of error directed to the judgment of the trial court.

When the applicants first instituted proceedings before the Manager of Safety to procure a license, there was a designated geographical area created by the Manager which fixed the limits of the neighborhood to be considered in the issuance or denial of the license. Acting pursuant thereto the applicants had circulated a petition and obtained signatures of 819 persons who thus evidenced their desire in favor of the issuance of the license. Such persons resided within the area designated by the Manager. Additionally, 113 signatures of patrons of the store were obtained evidencing their desire for the issuance of the license, but such persons did not reside within the designated area.

Findings of fact by the Manager of Safety were, in pertinent part, as follows, that:

"1. The Applicants were qualified to apply for and obtain a license.

"2. The premises were suitable for the intended purpose, and were posted as required by law.

"3. The only desires expressed in the matter favor the issuance of the license; * * *

"4. No persons appeared in opposition to the issuance of the license, nor were any petitions in opposition offered at the hearing.

"5. There are two existing outlets in the designated neighborhood for the sale of 3.2 beer. * * *."

In support of the application, eleven persons appeared before the Manager of Safety and gave their testimony indicating that the neighborhood was inadequately served by the existing outlets and expressed their desire that the license be issued. Eight hundred and nineteen persons who resided in the area signed petitions in favor of the issuance of the license. No one opposed it in any manner whatever.

It appears that some time prior to the filing of the application in the instant case there were two additional 3.2 beer outlets located in the specified area. These two license holders had discontinued their businesses prior to the application involved in this case. Thus a former licensing authority for the city had found that four outlets were necessary to serve the requirements of the neighborhood; but in the instant case, after two licensees had discontinued business, and in the complete absence of any showing in opposition to the license or any specific finding of fact justifying the denial thereof, the Manager of Safety, in some manner not clear from the record, reached the conclusion that two licenses were sufficient.

The district court, in reversing the action of the Manager of Safety said, *inter alia:*

"All the evidence in the record concerning the issuance of the license was positive; there were no protests against its issuance either verbally or by petition. Therefore, in order for the Manager to conclude that the reasonable requirements of the neighborhood were met

without this license, he must have based his conclusion on some facts or some reasons not in this record. This was arbitrary action. The legislature in giving to the licensing authority the power to grant or deny a license did not give him unbridled discretion, and in the opinion of this Court did not permit him to exercise such discretion without the application of the standards upon which his conclusion was to be exercised. An agency empowered with discretion, such as the one under consideration here, does not have untrammeled power; he, too, is subject to standards and delimitations."

We agree with the above quotation from the judgment of the trial court. The instant case is within the holding of this court in *Geer v. Stathopulos*, 135 Colo. 146, 309 P.2d 606.

The judgment is affirmed.

MR. JUSTICE DAY and MR. JUSTICE SCHAUER concur.